## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2019, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In re the Termination of the Parent-Child Relationship of R.T., V.T., and D.T. (Minor Children);

J.V. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

December 20, 2019

Court of Appeals Case No. 19A-JT-1553

Appeal from the Randolph Circuit Court

The Honorable Jay L. Toney, Judge

Trial Court Cause Nos.
68C01-1809-JT-157
68C01-1809-JT-158
68C01-1809-JT-159

**Pyle, Judge.**

# Statement of the Case

J.V. ("Mother") appeals the termination of the parent-child relationship with her children R.T. ("R.T."), V.T. ("V.T."), and D.T. ("D.T.) (collectively, "the children"). She argues that there is insufficient evidence to support the terminations. Specifically, Mother argues that the Department of Child Services ("DCS") failed to prove by clear and convincing evidence that there is a satisfactory plan for the care and treatment of the children. Concluding that there is sufficient evidence to support the termination of the parent-child relationships, we affirm the trial court's judgment.[1]

We affirm.

# Issue

The sole issue for our review is whether there is sufficient evidence to support the terminations.

# Facts

Mother is the parent of son R.T., who was born in 2006; daughter V.T, who was born in 2008; and son D.T., who was born in 2010. DCS removed the children from Mother's care in October 2015 because of domestic violence and improper supervision. The children were adjudicated to be Children in Need of Services ("CHINS") in November 2015. The trial court ordered Mother to: (1)

---

[1] The trial court also terminated Father's ("Father") parental rights. Father, however, is not a party to this appeal.

enroll in programs recommended by professionals; (2) keep all appointments with providers; (3) obtain and maintain suitable housing and a legal means of income; (4) assist in the formulation and implementation of a plan to protect the children from abuse and neglect; (5) abstain from the use of illegal controlled substances; (6) complete a parenting assessment; (7) submit to random drug screens; (8) participate in home-based counseling; (9) complete a parenting assessment, and (10) attend supervised visits with her children.

[4] Three years later, Mother still had not complied with the trial court's order. In September 2018, DCS filed petitions to terminate Mother's parental rights. Testimony at the termination hearing revealed that Mother: (1) had continued to test positive for illegal substances; (2) was unable to control her children during visitation; and (3) had not obtained suitable housing. At the time of the hearing, Mother was living with a boyfriend who had molested both R.T. and V.T. at different times. Although the abuse had been substantiated, Mother did not believe that it had occurred. She planned to continue living with her boyfriend because that was her home.

[5] The testimony further revealed that R.T. and D.T. were living with their paternal grandparents, and the plan for their care and treatment was adoption by the grandparents. V.T. was living with a foster family, and the plan for her care and treatment was also adoption by the foster parents. The testimony also revealed that V.T.'s foster parents had been so concerned about V.T.'s outbursts, which included headbanging and biting herself, that they had scheduled and paid for V.T. to participate in a diagnostic program. According

to CASA Teresa Ramsey ("CASA Ramsey"), the foster parents had been "desperate to get some help for [V.T.]." (Tr. Vol. 2 at 37). CASA Ramsey also testified that termination and adoption were in the children's best interests.

[6] Following the hearing, the trial court issued detailed ten-page orders terminating the parental relationships between Mother and R.T., V.T., and D.T. Mother now appeals the terminations.

# Decision

[7] The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment to the United States Constitution. *In re J.W., Jr.*, 27 N.E.3d 1185, 1187-88 (Ind. Ct. App. 2015), *trans. denied*. However, a trial court must subordinate the interests of the parents to those of the child when evaluating the circumstances surrounding a termination. *Id.* at 1188. Termination of the parent-child relationship is proper where a child's emotional and physical development is threatened. *Id.* Although the right to raise one's own child should not be terminated solely because there is a better home available for the child, parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.*

[8] Before an involuntary termination of parental rights may occur, DCS is required to allege and prove, among other things:

> (B) that one (1) of the following is true:
>
>> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for

placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

IND. CODE § 31-35-2-4(b)(2). DCS must prove the alleged circumstances by clear and convincing evidence. *K.T.K. v. Ind. Dep't of Child Servs.,* 989 N.E.2d 1225, 1230 (Ind. 2013).

[9] When reviewing a termination of parental rights, this Court will not reweigh the evidence or judge the credibility of the witnesses. *In re R.S.*, 56 N.E.3d 625, 628 (Ind. 2016). We consider only the evidence and any reasonable inferences to be drawn therefrom that support the judgment and give due regard to the trial court's opportunity to judge the credibility of the witnesses firsthand. *K.T.K.*, 989 N.E.2d at 1229.

[10] Here, Mother's *sole* argument is that DCS failed to prove by clear and convincing evidence that it had a satisfactory plan for the children's care and treatment. She specifically argues that "[v]ery little evidence was offered regarding placement's relationships with the children." Mother's Br. at 12.

This Court has previously explained that the plan for the care and treatment of the children need not be detailed, so long as it offers a general sense of the direction in which the children will be going after the parent-child relationships are terminated. *In re L.B.,* 889 N.E.2d 326, 341 (Ind. Ct. App. 2008). Here, the plan for V.T. is adoption by her foster parents, and the plan for R.T. and D.T. is adoption by their paternal grandparents. These are satisfactory plans. *See In re J.C.,* 994 N.E.2d 278, 290 (Ind. Ct. App. 2013).[2] Mother's arguments challenging these plans are invitations for us to reweigh the evidence. This we cannot do. *See In re R.S.,* 56 N.E.3d at 628. There is sufficient evidence to support the termination of the parent-child relationships.

Affirmed.

May, J., and Crone, J., concur.

---

[2] Mother also argues that because DCS failed to prove by clear and convincing evidence that it had a satisfactory plan for the care and treatment of the children, DCS has consequently failed to prove that it was in the best interests of the children to have the parent-child relationships terminated. Because we have found sufficient evidence that DCS had a satisfactory plan for the care and treatment of the children, we need not address this issue.